UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ATSU ACOLATSE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No.: 10-CV-02024-LHK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD |

On November 16, 2010, Marc V. Kalagian and the Law Offices of Rohlfing & Kalagian moved for an order relieving them as the attorneys of record for Plaintiff Atsu Acolatse in this matter. Dkt. No. 19. In compliance with Civil Local Rule 11-5(a), Kalagian served written notice of his motion on all parties over a month in advance of the hearing date. Acolatse did not file an opposition to Kalagian's motion. Kalagian did not serve Acolatse with this Court's November 22, 2010 order, which set the briefing schedule and hearing date for Kalagian's motion. Dkt. No. 20. As a result, Acolatse did not make an appearance at the December 21, 2010 hearing,[1] and the Court continued the hearing to January 12, 2011.

---

[1] In addition, the Court, at the hearing, required Kalagian to (1) file a declaration regarding efforts that he has made to help Acolatse obtain new counsel by December 22, 2010; (2) serve Acolatse with this Court's November 22, 2010 order by certified mail by December 21, 2010 and file proof of service with the Court by December 22, 2010; and (3) serve Acolatse with the flyer about the Federal Legal Assistance Self-Help Center at the San Jose Courthouse and file proof of service by December 22, 2010. Kalagian promptly complied with the Court's request. *See* Dkt. Nos. 23-26.

1
Case No.: 10-CV-02024-LHK
ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD

Acolatse did appear at the January 12, 2011 hearing on Kalagian's motion. At the hearing, Acolatse represented that he wanted Kalagian to continue as his attorney of record. Despite Acolatse's objections, the Court, for the foregoing reasons, GRANTS Kalagian's motion to withdraw as attorney of record.

## I. BACKGROUND

Acolatse retained Kalagian on April 22, 2010 to pursue his Social Security benefits appeal. Dkt. No. 19 ("Mot. & Kalagian Decl."), at 6. Kalagian then filed a complaint on behalf of Acolatse on May 5, 2010. *See* Dkt. No. 1 ("Compl."). On October 19, 2010, Kalagian informed Acolatse in writing that after reviewing the administrative record, he could not pursue the matter on Acolatse's behalf. Mot. & Kalagian Decl. 6. Apparently, Kalagian requested that Acolatse grant Kalagian permission to dismiss Acolatse's claim or withdraw as Acolatse's counsel. *See id.* Acolatse received the letter on October 22, 2010 but has not granted Kalagian authority to dismiss the instant action or to withdraw as counsel. Kalagian feels that he cannot properly represent the interests of Atsu Acolatse and expresses his view that pursuit of this action could subject Acolatse and counsel to Rule 11 sanctions. *Id.* at 3-4. Nevertheless, Kalagian acknowledges that other counsel may have a different opinion. *Id.* at 6.

Kalagian also requests, in order to minimize prejudice to Acolatse, that this Court grant Acolatse time to retain new counsel and extend the deadline for Acolatse to file his summary judgment motion. *Id.* at 4.

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, an attorney may seek to withdraw for several reasons.

2
Case No.: 10-CV-02024-LHK
ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD

Among these reasons are that the client "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law" or "insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act." CAL. R. PROF. CONDUCT 3-700(C)(1)(a), (c). Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), [2] and complying with applicable laws and rules." CAL. R. PROF. CONDUCT 3-700(A)(2).

### III. ANALYSIS

Kalagian's claim that continuing to pursue this matter on behalf of Acolatse may subject him to sanctions under Rule 11 of the Federal Rules of Civil Procedure qualifies as a permissible reason for withdrawal. *See e.g.*, *Collins v. Astrue*, No. 1:08-CV-00476-SMS, 2009 WL 179783 (E.D. Cal. Jan. 26, 2009) (granting a motion to withdraw on similar grounds in a Social Security appeal). Granting Kalagian's request that this Court continue the deadline for Acolatse to file his summary judgment motion would minimize the prejudice to Acolatse of Kalagian's withdrawal. Accordingly, the Court grants Kalagian's motion and continues the deadline for Acolatse to file his summary judgment motion to March 24, 2011.

As a result of this Order, Acolatse must obtain new counsel or proceed pro se. If he cannot obtain new counsel, Acolatse will be responsible for filing his motion for summary judgment by March 24, 2011. To ensure that Kalagian's withdrawal causes as little prejudice to Acolatse as possible, the Court, at the hearing, ordered Acolatse to: (1) register for electronic filing; (2) provide the Court with his current mailing address; and (3) sign-up for an appointment with the Federal

---

[2] Rule 3-700(D) provides: "A member whose employment has terminated shall: (1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and (2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter."

1  Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse.[3]  The Court also orders
2  Kalagian to serve this Order on Acolatse by certified mail and file proof of service with the Court
3  by January 14, 2011.

### IV.  CONCLUSION

For the foregoing reasons, Kalagian's motion to withdraw as counsel for Acolatse is GRANTED.  Kalagian SHALL SERVE this Order on Acolatse by certified and file proof of service with the Court by January 14, 2011.  Acolatse SHALL FILE his motion for summary judgment no later than March 24, 2011.

**IT IS SO ORDERED.**

Dated: January 12, 2010

_____
LUCY H. KOH
United States District Judge

---

[3] The telephone number for FLASH is (408) 297-1480.  The Court provided materials regarding FLASH to Acolatse during the January 12, 2011 hearing.

4
Case No.: 10-CV-02024-LHK
ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD